OSCAR E. DENNY *et al.*, Plaintiffs-Appellants, v. PAUL M. HAAS, St. Clair County Treasurer and Trustee of Indemnity Fund, Defendant-Appellee.

Fifth District   No. 5—88—0703

Opinion filed April 27, 1990.

Thomas A. Cipolla, of Sestric & Cipolla, of St. Louis, Missouri, for appellants.

John Baricevic, State's Attorney, of Belleville (Jeffrey R. Glass, Assistant State's Attorney, of counsel), for appellee.

JUSTICE CHAPMAN delivered the opinion of the court:

Plaintiffs Oscar and Margaret Denny filed a complaint against Paul M. Haas, the St. Clair County treasurer, pursuant to section

247a of the Revenue Act of 1939 (Revenue Act) (Ill. Rev. Stat. 1985, ch. 120, par. 728a) seeking indemnity for the loss of real property by reason of the issuance of a tax deed. Plaintiffs alleged in their third amended complaint that they were the owners of the residence in question and that Oscar Denny had not lived there since he and Margaret were divorced in 1982. The complaint further alleged that Oscar Denny was not properly served with notice of the petition for tax deed and that Margaret Denny, although served, did not understand the significance of the proceedings. Plaintiffs also alleged that the affidavit in support of the application for tax deed incorrectly stated that both Oscar and Margaret Denny resided on the premises and were properly served with notice. On November 13, 1985, a tax deed was issued, and Margaret Denny was thereafter served with a writ of assistance on March 4, 1986. Plaintiffs' complaint asserts that they are now barred from bringing an action for recovery of the property and that the losses they sustained were not due to their own fault or negligence. Defendant Haas filed what was styled as a "motion to dismiss for failure to state a cause of action," which stated:

"1. Plaintiff brings this action pursuant to the Revenue Code.

2. The Revenue Code provides indemnity for failure or negligence of St. Clair County.

3. St. Clair County served notice personally on Margaret Denny and Oscar Denny through Margaret Denny.

4. If service is deficient that defense should have been raised at the time of the application for a tax deed.

5. Tom Bauer was subpoenaed to that hearing and prepared to testify how the service was made.

6. Failure by the plaintiff to raise proper defense in a separate proceeding is not grounds for a claim pursuant to Chapter 120, Paragraph 728(a) of the Revenue Code."

The trial court dismissed the complaint, and plaintiffs now appeal, contending that the motion to dismiss was improper and that the trial court erred in granting it. Defendant argues that the court properly construed his motion as a motion for involuntary dismissal under section 2—619 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1987, ch. 110, par. 2—619). Moreover, defendant claims that plaintiffs are not entitled to relief under section 247a of the Revenue Act because they failed to pursue all available remedies in the underlying tax deed proceeding. Specifically, defendant maintains that plaintiffs filed a timely petition for relief from judgment under section 2—1401 of the Code which was later dismissed with prejudice by stipulation of the

parties. As related below, however, we are unable to decide this issue because: (1) the record of the underlying tax deed judgment is not properly before this court; and (2) it is not clear whether defendant's motion even raised the issue of plaintiffs' dismissal of their section 2—1401 petition. For the reasons stated below, we reverse and remand.

In the court below, the defendant failed to designate whether his motion to dismiss was brought under section 2—615 or section 2—619 of the Code. "Meticulous practice dictates that a lawyer specifically designate whether his motion to dismiss is pursuant to section 2—615 or section 2—619." (*Eddings v. Dundee Township Highway Commissioner* (1985), 135 Ill. App. 3d 190, 199, 478 N.E.2d 888, 894.) Moreover, this is not a case where the defendant's neglect in designating the proper code section resulted in a mere technical violation of the rules. Indeed, the procedure employed in this case has resulted in an appeal in which we are unable to address the merits of the substantive issue raised due to the incomplete state of the record presented.

While defendant's motion is captioned as a motion to dismiss for failure to state a cause of action, suggesting that it was brought pursuant to section 2—615 of the Code, the defendant has apparently recognized that such a motion would not prevail, and argues that the trial court must have construed his motion as one for involuntary dismissal under section 2—619. Defendant contends that his motion was brought pursuant to section 2—619(a)(9), which provides for dismissal when plaintiffs' claim is barred by an affirmative matter defeating the claim. Such a motion, however, must be supported by affidavit when the grounds for dismissal do not appear on the face of the pleading attacked. Ill. Rev. Stat. 1987, ch. 110, par. 2—619(a); *Premier Electrical Construction Co. v. La Salle National Bank* (1983), 115 Ill. App. 3d 638, 643, 450 N.E.2d 1360, 1363.

While it is certainly not clear from the motion, defendant maintains that the affirmative matter asserted in the motion is the plaintiffs' failure to pursue their remedy under section 2—1401. While this ground for dismissal does not appear on the face of plaintiffs' complaint, defendant contends that no affidavit was necessary because the trial court could take judicial notice of its own court file in the underlying tax deed proceeding. While we agree that the court could do so, there is nothing in the record on appeal which shows that defendant asked the court to do so, nor is there anything to suggest that the court in fact took such judicial notice. The trial court's order merely states that the motion to dismiss is granted, without any ex-

planation of the basis for dismissal. Moreover, while defendant devotes the majority of his appellate brief to the argument against allowing indemnity under section 247a of the Revenue Act when plaintiffs have dismissed their section 2—1401 petition to set aside the tax deed, we are unable to address that issue because the record before us does not include the underlying tax deed proceedings. Although defendant has included a copy of the court file in the tax deed proceedings in an appendix to his brief, such attachments to briefs which are not otherwise of record are not properly before a reviewing court and cannot be used to supplement the record. *Etten v. Lane* (1985), 138 Ill. App. 3d 439, 442, 485 N.E.2d 1177, 1179.

■ While the substantive issue in this case yet awaits resolution, we hope this case illustrates the problems created by a lack of precision in preparing motions to dismiss. The need for precision, of course, does not end at the trial court; therefore, we wish to clarify the bases of our decision. We do not reverse this case solely because of the defendant's failure to designate whether his motion to dismiss was brought pursuant to section 2—615 or section 2—619, although we caution against assuming we will not do so in the future. Although the confusion engendered by the failure to identify the motion favors reversal, we find that the defendant's failure to support his motion with the affidavit required under section 2—619 mandates reversal under the facts of this case. If an affidavit relating the facts of plaintiffs' purported dismissal of their section 2—1401 petition had been filed, and if the trial court had been asked to take judicial notice of the underlying tax deed proceedings, then not only would plaintiff have had the opportunity to file counter-affidavits (see *Premier*, 115 Ill. App. 3d at 643, 450 N.E.2d at 1363), but this court would have been presented with a proper record from which we could have decided the substantive issue presented by this case. Indeed, as it stands now, it is not clear that defendant's motion to dismiss even raised the issue of the effect of plaintiff's aborted section 2—1401 petition. In this respect we echo the statement of the court in *Eddings*:

> "It is not the reviewing court's responsibility to unravel the record to suit the whims of the litigants depending upon which forum they address and what argument at the time best fits their contention. \*\*\* [W]here prejudice results from such an improper motion practice, we will reverse without addressing the merits of the motion as argued on appeal. Prejudice to the plaintiffs is evident, and although no objection was raised below by plaintiffs, this court may ignore the waiver rule." *Eddings*, 135 Ill. App. 3d at 200, 478 N.E.2d at 895.

Accordingly, we reverse the order of the circuit court dismissing plaintiffs' complaint and remand for further proceedings. We express no opinion on whether the cause can be decided prior to trial on a properly brought motion.

Reversed and remanded.

RARICK and GOLDENHERSH, JJ., concur.