514

ROBERT SPROWLS, Indiv. and d/b/a Sprowls Oil Company, Plaintiff-Appellant, v. FIRST STATE BANK OF PRINCETON, Defendant-Appellee.

Third District No. 3—90—0143

Opinion filed October 5, 1990.—Rehearing denied November 14, 1990.

Linn C. Goldsmith, of Boyle, Goldsmith, Shore & Bolin, of Hennepin (Roger C. Bolin, of counsel), for appellant.

Vonachen, Lawless, Trager & Slevin, of Peoria (Stephen A. Kouri, of counsel), for appellee.

JUSTICE STOUDER delivered the opinion of the court:

This lawsuit arises out of a contract to supply fuel and oil products between the plaintiff, Robert Sprowls, as supplier, and Clarence

and Randall Coomer, as buyers. Sprowls brought a five-count complaint against the defendant, First State Bank of Princeton, Illinois. The specific counts and their respective theories alleged were as follows:

Count I — Breach of contract implied in law.
Count II — Breach of contract implied in fact.
Count III — Breach of express, oral contract.
Count IV — Equitable estoppel.
Count V — Third-party beneficiary.

The bank filed a motion to dismiss. The trial court dismissed counts I and II. Counts III, IV, and V were repleaded in an amended complaint. The bank, thereafter, filed a motion for summary judgment as to the remaining counts. The trial court granted the bank's summary judgment motion. Sprowls appeals.

Sprowls operates a fuel and petroleum distributorship in Bureau County. Coomer was one of Sprowls' farm customers and kept an account at the bank.

In early 1986, Sprowls heard rumors to the effect that Coomer was in financial trouble and that the bank was in charge of his financial affairs. The rumors proved to be accurate. The bank cleared all deposits and withdrawals from the Coomer account, and Coomer's debt payments, living expenses, and operating costs were paid for only after receiving the bank's approval. Coomer advised Sprowls of this arrangement he had with the bank.

Sprowls contacted the bank in March 1986 to confirm that the bank was in charge of Coomer's account and to determine whether he would be paid for delivering fuel that year. Sprowls spoke with James Tolan, the bank's vice-president in charge of loans, who was the officer in charge of the Coomer account. Sprowls informed Tolan that he was Coomer's fuel supplier and that he had heard that Coomer was in financial trouble. Tolan told Sprowls that the bank was handling Coomer's account and assured him that there would be no problem with payment of the fuel bill.

In July 1986, Sprowls spoke with Tolan again. Tolan advised Sprowls that as soon as the money became available the fuel bill would be paid. Sprowls again spoke with Tolan in August 1986, just prior to the harvest. Sprowls was again assured that there would be no problem with payment and that Coomer's crops looked good, and that Sprowls would be paid out of the proceeds generated by the crop. Sprowls continued to supply fuel and by year's end generated an account exceeding $17,000.

In late December 1986, Coomer delivered a check to Sprowls in

payment of the account balance. Coomer told Sprowls that the check could be cashed as soon as he received certain corn proceeds. On January 8, 1987, Coomer told Sprowls to cash the check. That day, Sprowls attempted to cash the check but was told that the bank could not cash it without the approval of an officer and that none was available at that time. At this time, it should be noted that Coomer deposited approximately $220,000 into his account from his crop proceeds.

The next day, Sprowls called Mel Heckman, a bank officer, regarding the check. Heckman advised Sprowls that there was no money in Coomer's account and that Coomer would be out of business. The check was dishonored because the amount of money Coomer deposited had been credited to Coomer's obligation to the bank. Subsequently, Sprowls continued to pursue payment from Coomer by filing suit against him in Sprowls v. Coomer in Bureau County Case No. 87—L—13. The bank was not joined in that suit as a party defendant.

As anticipated, Coomer filed for bankruptcy in 1987. Coomer's bankruptcy proceeding is still pending. After Coomer filed for bankruptcy, the instant suit was filed.

Sprowls first contends that the trial court erred in dismissing counts I and II of his original complaint. Specifically, he asserts that the original complaint adequately stated causes of action for breach of contract implied in law or unjust enrichment and for breach of contract implied in fact.

Sprowls' complaint alleged that he periodically delivered fuel to Coomer with the bank's knowledge, that the bank had control over Coomer's account, that the deliveries of fuel enabled Coomer to produce a crop, that the bank received all or substantially all of the income from the farm operation that year, and that the bank derived a benefit from Sprowls that would be unjust to retain without payment. Sprowls further contends that the bank led him to believe that he would be paid out of the proceeds from the crops.

 A motion to dismiss should be granted only if it clearly appears that no set of facts can be proved permitting the plaintiff the recovery he seeks. (*J.J. Harrington & Co. v. Timmerman* (1977), 50 Ill. App. 3d 404, 365 N.E.2d 721.) An implied contract is created by law as a result of the parties' acts. (*Bull v. Mitchell* (1983), 114 Ill. App. 3d 177, 448 N.E.2d 1016.) The essence of a cause of action for a contract implied in law is the defendant's failure to make equitable payment for a benefit which it voluntarily accepted from the plaintiff. (*Elliot v. Villa Park Trust & Savings Bank* (1978), 63 Ill. App. 3d 714, 380 N.E.2d 507.) The action is predicated on the fundamental

principle that no one should unjustly enrich himself at another's expense. *First National Bank v. Glenn* (1971), 132 Ill App. 2d 322, 270 N.E.2d 493.

■■ In the instant case, Sprowls alleges that by reason of its control over Coomer's farming operation, the bank manifested an intention and expectation that Sprowls would be paid from farm revenues. When taking the facts alleged in Sprowls' complaint as true, Sprowls could recover under the theory he advanced in counts I and II. The bank argues that Sprowls' failure to allege a written agreement between the parties is a proper basis for the trial court's rulings on both the motion to dismiss and the motion for summary judgment. However, the two counts alleging the breach of an implied contract do not require the existence of an express contract. It therefore follows that the absence of a written contract is not fatal to counts I and II based on implied contract.

At the pleading stage, a plaintiff may allege in one count that an implied contract was established while in another count allege the breach of an express contract. (See Ill. Rev. Stat. 1989, ch. 110, par. 2—613(b).) The plaintiff, once the evidence has been established, has the option of electing whether to proceed under an implied contract theory or an express contract theory. We conclude, therefore, that the trial court erred in dismissing counts I and II.

■■ In the instant case, the trial court granted the bank's motion for summary judgment as to counts III, IV, and V because they are essentially indemnity agreements and are unenforceable under the Statute of Frauds (Ill. Rev. Stat. 1985, ch. 59, par. 1 *et seq.*). We agree with the trial court's reasoning, and Sprowls has cited no authority to the contrary.

For the reasons stated, the judgment of the circuit court of Bureau County is affirmed as to counts III, IV, and V of the complaint, reversed as to counts I and II of the complaint, and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

HEIPLE, P.J., and BARRY, J., concur.