COMMERCE BANK, N.A., Successor to the First National Bank of Peoria, as Trustee, *et al.*, Plaintiffs-Appellants, v. WILLARD J. PLOTKIN *et al.*, Defendants-Appellees.

Third District   No. 3—93—0374

Opinion filed January 20, 1994.

Thomas R. Davis, of Miller, Hall & Triggs, of Peoria (William R. Kohlhase, of counsel), for appellants.

Thomas E. Leiter, of The Leiter Group, of Peoria (Sandra J. Birdsall, of counsel), for appellees.

JUSTICE STOUDER delivered the opinion of the court:

The plaintiffs, Commerce Bank, N.A., and GHSC Associates Limited Partnership, filed a complaint against the defendants, Willard Plotkin, Carol Plotkin, and Columbia Rug & Linoleum Company, Inc., alleging abuse of process. The defendants filed a motion to dismiss pursuant to section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615 (West 1992)) alleging that the complaint failed to state a cause of action. The court granted the motion, dismissing the com-

plaint with prejudice. The plaintiffs now appeal to this court claiming that their complaint properly stated a cause of action for abuse of process. We affirm.

In their complaint, the plaintiffs alleged that they have received from the City of Peoria all appropriate governmental approvals and authority to develop a certain piece of property at 5001 N. Big Hollow Road as the Glen Hollow Shopping Center. The complaint further alleged that defendants Willard and Carol Plotkin own the real estate at 5001 War Memorial Drive and that defendant Columbia Rug & Linoleum Company, Inc., operates a business at that address. On October 30, 1992, the defendants filed case No. 92—MR—246 in the circuit court of Peoria County naming the City of Peoria and Commerce Bank as defendants. The complaint in that case challenges the plaintiffs' legal right to develop the Glen Hollow Shopping Center. The plaintiffs alleged in their complaint that case No. 92—MR—246 is without legal or factual merit, that the defendants did not file it for the purpose of obtaining the relief sought, that the defendants knew that any litigation attacking the plaintiffs' legal right to develop the shopping center would delay the development of the center by preventing the plaintiffs from obtaining financing, and that the case was filed for the purpose of coercing plaintiffs to pay substantial sums of money to defendants so that they would terminate those proceedings and thereby allow plaintiffs to proceed with the development of the shopping center.

It was further contended by the plaintiffs in the complaint that, prior to the filing of case No. 92—MR—246, they had commitments to lease a substantial amount of space at the shopping center. Since the filing of that case, they have had to sell a portion of the property because the financing to own and lease that space at the shopping center could not be obtained, solely due to the pendency of the defendants' case. The plaintiffs claimed that by being forced to sell, instead of lease, that portion of the property, they had been damaged to the extent of at least $2,315,000. According to the complaint, the defendants have demanded that the plaintiffs pay them a substantial sum of money and also provide construction at no cost to the defendants, even though case No. 92—MR—246 does not include any claims for money damages. The plaintiffs claimed that the defendants' case was filed for the sole purpose of harming them if they did not succumb to the defendants' demands.

On a motion to dismiss, all well-pleaded facts are accepted as true. (*McColgan v. United Mine Workers of America* (1984), 124 Ill. App. 3d 825, 464 N.E.2d 1166.) The standard of review on appeal

from a motion to dismiss a complaint is whether the complaint sufficiently states a cause of action; the merits of the case are not before the reviewing court. (*McCormick v. Kruk* (1991), 220 Ill. App. 3d 449, 581 N.E.2d 73.) When reviewing a motion to dismiss, the court should interpret the facts alleged in the complaint in the light most favorable to the plaintiff, and the complaint should not be dismissed unless the pleadings disclose that no set of facts could be proved that would entitle the plaintiff to relief. *Theodosakis v. Austin Bank* (1981), 93 Ill. App. 3d 634, 417 N.E.2d 806.

■ To state a cause of action for abuse of process, a plaintiff must allege two elements:

    (1)  existence of an ulterior motive or purpose, and

    (2)  some act in the use of legal process not proper in the regular prosecution of the proceedings.

(*Executive Commercial Services, Ltd. v. Daskalakis* (1979), 74 Ill. App. 3d 760, 767, 393 N.E.2d 1365.) An action for abuse of process requires evidence that process has been misused or misapplied to accomplish some objective other than the legitimate scope of the process. (*Olsen v. Karwoski* (1979), 68 Ill. App. 3d 1031, 386 N.E.2d 444.) The mere filing of a lawsuit, even with a malicious motive, does not constitute an abuse of process. (*Sutton v. Hofeld* (1983), 118 Ill. App. 3d 65, 454 N.E.2d 681.) The Illinois courts have generally taken a very restrictive view of the tort of abuse of process. The word "process" has been given its literal meaning. (See *Holiday Magic, Inc. v. Scott* (1972), 4 Ill. App. 3d 962, 282 N.E.2d 452; *Doyle v. Shlensky* (1983), 120 Ill. App. 3d 807, 816, 458 N.E.2d 1120, 1128 ("Process is issued by the court, under its official seal and must be distinguished from pleadings, which are created and filed by the litigants").) Some cases have even stated that in order to satisfy the requirement of "some act in the use of process not proper in the regular prosecution of proceedings" the plaintiff must have suffered an actual arrest or a seizure of his property. See *Holiday Magic*, 4 Ill. App. 3d 962, 282 N.E.2d 452; *John Allan Co. v. Brandow* (1965), 59 Ill. App. 2d 328, 207 N.E.2d 339.

■ The plaintiffs have properly alleged the first element of abuse of process, the existence of an ulterior motive or purpose, but they have not properly alleged the second element. The plaintiffs argue that the abuse of process was the demand for money by the defendants in return for dismissal of their suit. The plaintiffs note that the defendants did not request damages in their suit, nor was there any legal basis for them do so. The plaintiffs contend that the defendants' purpose in filing the suit was to extort substantial sums of money

from the plaintiffs even though the defendants had no legitimate means to force such a payment. While we are not unsympathetic to the plaintiffs' predicament, we do not believe that the facts of this case support an action for abuse of process. There was no allegation of any misuse of "process" issued by the court. The law, as it now stands in Illinois, does not contemplate an action for abuse of process on the facts alleged in this case. We therefore conclude that the circuit court was correct in determining that no action for abuse of process had been stated by the pleadings.

Accordingly, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

SLATER, P.J., and BARRY, J., concur.