No. 3--96--0593

_________________________________________________________________

                                  IN THE

                                     

                        APPELLATE COURT OF ILLINOIS

                                     

                              THIRD DISTRICT

                                     

                                A.D., 1997

AZEEM AHSAN,                      ) Appeal from the Circuit Court

                                  ) for the 12th Judicial Circuit

    Plaintiff-Appellant,          ) Will County, Illinois 

                                  )

                                  )

    v.                            ) No. 95-L-2603

                                  )

                                  )

EAGLE, INC.,                      ) Honorable

                                  ) Thomas Ewert

    Defendant-Appellee.           ) Judge, Presiding

__________________________________________________________________

JUSTICE LYTTON delivered the opinion of the court:

__________________________________________________________________

    Plaintiff tenant, Azeem Ahsan, brought suit alleging breach of

contract, breach of covenant of quiet enjoyment and constructive

eviction.  Defendant landlord, Eagle, Inc., filed a motion to

dismiss pursuant to section 2-615 of the Illinois Code of Civil

Procedure (735 ILCS 5/2-615 (West 1994)), claiming plaintiff's

amended complaint failed to allege facts that would entitle

plaintiff to recovery.  The trial judge granted defendant's motion,

and plaintiff appealed.  We reverse and remand.

    A complaint should be dismissed under section 2--615 of the

Illinois Code of Civil Procedure (735 ILCS 5/2--615 (West 1994))

only when it clearly appears that no set of facts could be proved

under the pleadings which would entitle plaintiff to relief.  Lagen

v. Balcor Co., 274 Ill. App. 3d 11, 16, 653 N.E.2d 968, 972 (1995). 

Factual allegations within the complaint are to be interpreted in

the light most favorable to plaintiff.  Suarez v. Pierard, 278 Ill.

App. 3d 767, 769, 663 N.E.2d 1039, 1041 (1996).  On appeal from a

trial court order dismissing a case pursuant to section 2-615, this

court conducts de novo review.  Suarez, 278 Ill. App. 3d at 769,

663 N.E.2d at 1041.

    Plaintiff's amended complaint alleges that he and defendant

were parties to a written lease for the premises located at 15 East

Cass Street in Joliet, Illinois.  After the lease expired, the

parties entered into a month-to-month tenancy which lasted until

February 28, 1990.  During the term of the tenancy, plaintiff paid

rent and followed the conditions of the lease.  Also during the

tenancy, the roof began to leak.  Defendant promised to repair the

leak but failed to do so.  Eventually the building was condemned by

the City of Joliet, and plaintiff was forced to move.  As a

proximate result of defendant's acts and omissions, plaintiff

claims a loss of revenue and other damages.

     Defendant agrees with plaintiff that the terms of the written

lease govern the rights and obligations of the parties after its

expiration.  However, defendant contends that under the terms of

the agreement: plaintiff leased the premises located at 15 East

Cass Street; Illinois common law imposes no duty on a commercial

landlord to effect repairs to demised premises; the lease

affirmatively required plaintiff to make all necessary repairs to

the premises; and plaintiff failed assert the requisite facts in

support of his claim that defendant entered into a binding oral

agreement to make the repairs.

    Plaintiff argues that dismissal was improper because a genuine

issue of material existed as to the amount of property demised

under the lease, i.e., whether the lease demised the entire

premises located at 15 East Cass Street.

    We hold that the trial judge erred in dismissing plaintiff's

amended complaint.  The principle objective in construing a

contract is to determine and give effect to the intention of the

parties at the time they entered into the contract.  USG Corp. v.

Sterling Plumbing Group, Inc., 247 Ill. App. 3d 316, 318, 617

N.E.2d 69, 70 (1993).  The "four corners" rule states that if a

contract is clear on its face, no evidence outside the contract may

be considered.  Home Insurance Co. v. Chicago & Northwestern

Transportation Co., 56 F. 3d 763, 767 (7th Cir. 1995).  Whether any

ambiguity exists is a question of law to be determined by the

court.  Meyer v. Marilyn Miglin, Inc., 273 Ill. App. 3d 882, 888,

652 N.E.2d 1233, 1237 (1995).

    In recent years, however, courts have come to disfavor the

strict application of the "four corners" rule and the limitation on

the use of parole evidence.  See Meyer v. Marilyn Miglin; In re

Keene Corp., 188 B.R. 881 (1995), citing AM International, Inc. v.

Graphic Management Associates, Inc., 44 F. 3d 572, 575 (7th Cir.

1995).  Specifically, the "four corners" rule has two flaws: it

assumes precision in language that cannot exist, and it requires

the judge to determine the true intent of the parties in a

transaction that is removed in time and circumstance.  URS Corp. v.

Ash, 101 Ill. App. 229, 234, 427 N.E.2d 1295, 1299 (1981).  "The

meaning of words cannot be ascertained in a vacuum."  URS Corp.,

101 Ill. App. 3d at 234, 427 N.E.2d at 1299, quoting Ortman v.

Stanway Corp., 437 F2d 231 (7th Cir. 1971).

    We join the current trend in Illinois law which allows a court

to consider parole evidence provisionally to determine if an

agreement that appears to be clear on its face is actually

ambiguous.  See Meyer, 273 Ill. App. 3d at 889, 652 N.E.2d at 1238. 

This extrinsic ambiguity exists when someone who knows the context

of the contract would know if the contract actually means something

other than what it seems to mean.  Home Insurance, 56 F. 3d at 768. 

A party that asserts extrinsic ambiguity is entitled to present to

the court objective evidence, i.e. evidence that cannot be faked

and can be supplied by disinterested third parties.  Home

Insurance, 56 F. 3d at 768.  If, after screening the objective

evidence, the court concludes that ambiguity exists as a matter of

law, the parties will be permitted to present evidence of their

intent to the trier of fact.  Home Insurance, 56 F. 3d at 768.

    Here, plaintiff alleged the existence of facts that preclude

dismissal.  The amended complaint claims that prior to leasing the

building to plaintiff, defendant gave a tour of the building that

only included the first floor of 15 East Cass Street.  After

signing the lease, plaintiff had access to the first floor, but

never had access to the second floor or roof.  Plaintiff has

claimed that the leakage was in a part of the premises for which

plaintiff had no access, and defendant agreed to fix the problem. 

    Viewing these allegations in the light most favorable to

plaintiff, we find that there is ambiguity as to whether the lease

demised all of the premises or only a portion of the premises. 

This ambiguity precludes dismissal because it appears that a set of

facts could be proved which would entitle plaintiff to relief.

    The judgment of the circuit court of Will County is reversed

and this cause is remanded for further proceedings.

    Reversed and remanded.

    BRESLIN and HOMER, JJ., concur.