No. 2--07--0858      Filed:  3-2-09

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| REBECCA J. QUIGG, | ) | Appeal from the Circuit Court |
| | ) | of Du Page County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 07--L--128 |
| | ) | |
| WALGREEN COMPANY, | ) | |
| | ) | |
| Defendant-Appellee | ) | |
| | ) | Honorable |
| (Richard J. Quigg and Patricia Montgomery, | ) | John T. Elsner, |
| Defendants). | ) | Judge, Presiding. |

PRESIDING JUSTICE ZENOFF delivered the opinion of the court:

Plaintiff, Rebecca J. Quigg, appeals from an order of the circuit court of Du Page County dismissing with prejudice her complaint against defendant, Walgreen Company (Walgreen).  We affirm.

FACTS

BACKGROUND

Plaintiff, a medical doctor, was married to Richard J. Quigg, also a medical doctor, and their marriage was dissolved by the circuit court of Cook County on May 24, 2004.  During the course of the dissolution and custody litigation, specifically in June 2003, Richard obtained from Walgreen's Web site plaintiff's "Confidential Patient Information Prescription Profile," which disclosed that plaintiff was prescribed by her psychiatrist, among other drugs, Zoloft, an antidepressant, and

clonazepam, an antianxiety medication. On June 27, 2003, Richard disclosed to the court-appointed attorney for the Quigg children the prescription profile, along with Richard's opinion that plaintiff had "serious psychiatric problems" and a "drug abuse problem" that resulted in behavior that had "too many similarities to the Lemak[1] case for comfort." Despite these allegations, the final dissolution order granted plaintiff custody of the Quigg children.

THE DU PAGE COMPLAINT

On February 5, 2007, plaintiff filed a 24-count complaint in the circuit court of Du Page County, 23 counts of which were directed against Richard and his present wife, Patricia Montgomery, for alleged actions taken in what can be described only as an acrimonious postdecree coexistence among the three of them. However, count XXIII of the complaint was directed against Walgreen, alleging that it violated the Mental Health and Developmental Disabilities Confidentiality Act (Act) (740 ILCS 110/15 (West 2006)) by disclosing plaintiff's prescription profile to Richard.

On April 12, 2007, Walgreen filed a combined motion to dismiss count XXIII pursuant to section 2--619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2--619.1 (West 2006)), on the bases that the count did not state a cause of action under the Act and was, in any event, barred by the statute of limitations. While this motion was pending, plaintiff sought a voluntary dismissal of the case, planning to refile it in Cook County. Richard and Patricia were voluntarily dismissed from the suit on May 23, 2007. Walgreen objected to the motion for voluntary dismissal, and the trial court denied plaintiff's motion as to Walgreen on June 28, 2008. Then on July 25, 2007, the trial court

---

[1]Marilyn Lemak, who was married to a physician, murdered their three children in their Naperville home on March 4, 1999, during the pendency of the couple's divorce proceedings.

granted Walgreen's combined motion to dismiss count XXIII with prejudice. Plaintiff filed a timely appeal.

DISCUSSION

Plaintiff raises three arguments. First, she contends that the trial court erred in applying a one-year or, at the outside, a two-year statute of limitations; second, she argues that her claim against Walgreen is recognized under the Act; and third, she maintains that the trial court erred in denying her motion for voluntary dismissal. In addition to the parties' briefs, we are assisted in resolving this appeal by two amicus curiae briefs, one on behalf of the Illinois Department of Financial and Professional Regulation (Department), which regulates the practice of pharmacy, and the other on behalf of the National Association of Chain Drug Stores (NACDS), whose members, including Walgreen, operate over 1,400 pharmacies in Illinois. The Department and NACDS urge that we affirm the trial court's judgment.

We initially find it necessary to comment on plaintiff's opening brief. The statement of facts is argumentative in violation of Supreme Court Rule 341(h)(6) (210 Ill. 2d R. 341(h)(6)). "Where an appellant's brief fails to comply with supreme court rules, [the] court has the inherent authority to dismiss the appeal." Epstein v. Galuska, 362 Ill. App. 3d 36, 42 (2005). The court also has the option of striking the statement of facts. Hamilton v. Conley, 356 Ill. App. 3d 1048, 1052 (2005). However, we do not believe that the improprieties are great enough to warrant either sanction. Instead, we admonish counsel to be mindful in the future to eschew argument. Hamilton, 356 Ill. App. 3d at 1052, citing Friends of the Parks v. Chicago Park District, 203 Ill. 2d 312, 319 (2003). Further, we will ignore the argumentative portions of the statement of facts. Hamilton, 356 Ill. App. 3d at 1052-53.

We first address whether the trial court erred in denying plaintiff's motion for voluntary dismissal. If the trial court erred, then we would have no occasion to reach plaintiff's other issues. Section 2--1009(a) of the Code allows a plaintiff voluntarily to dismiss an action without prejudice at any time before trial or hearing begins, upon payment of the other side's costs. 735 ILCS 5/2--1009(a) (West 2006). Subsection (b) provides:

"The court may hear and decide a motion that has been filed prior to a motion filed under subsection (a) of this Section when that prior filed motion, if favorably ruled on by the court, could result in a final disposition of the cause." 735 ILCS 5/2--1009(b) (West 2006).

The trial court has discretion to hear and decide a potentially dispositive motion before ruling on a plaintiff's motion for voluntary dismissal. Morrison v. Wagner, 191 Ill. 2d 162, 165 (2000). Accordingly, we review for abuse of discretion the trial court's denial of the motion for voluntary dismissal.

Plaintiff contends that, because Walgreen was only one party to the suit, granting its combined motion to dismiss would not result in a final disposition of the cause. Plaintiff further contends that the trial court had authority to deny her motion for voluntary dismissal only if she was pursuing it for abusive purposes, which she claims she was not. As to plaintiff's first argument, at the time Walgreen's combined motion to dismiss was heard, Walgreen was the only defendant in the case. Consequently, the dismissal resulted in a final disposition. As to plaintiff's second argument, she relies on Patsis v. Zion-Benton Township High School, No. 126, 234 Ill. App. 3d 232 (1992). In Patsis, the appellate court reversed the trial court's denial of the plaintiff's motion for voluntary dismissal, which was filed after the defendant filed a motion to dismiss based on the statute of limitations, because the plaintiff's motion was made not to avoid an adverse decision on the merits but because the defendant had earlier filed a separate contribution action against the plaintiff arising out of the

same occurrence. Patsis, 234 Ill. App. 3d at 237. Allowing the plaintiff's motion for voluntary dismissal thus accomplished the salutary purpose of allowing the plaintiff's personal injury claim and the defendant's contribution claim to proceed in the same case. Regarding the plaintiff's motion for voluntary dismissal, the court said, "[The plaintiff] noted that another action was pending which was a better, if not required, forum for the consideration of his claim and that the consideration of his claim in that action would serve judicial economy." Patsis, 234 Ill. App. 3d at 237.

Here, plaintiff maintains that the purpose of her motion for voluntary dismissal was to refile the case against Richard, Patricia, and Walgreen in Cook County, where Richard had initiated a change-of-custody proceeding in which he "was likely to rely on" a second disclosure of her prescription profile by Walgreen. Plaintiff seizes on the words "better, if not required, forum" from Patsis in urging the necessity of her refiling in Cook County. However, pursuant to section 2--102(a) of the Code, Walgreen can be sued in any county in which it does business (735 ILCS 5/2--102(a) (West 2006)) and, according to the well-pleaded allegations in plaintiff's complaint, Walgreen regularly conducts business in Du Page County. Also according to plaintiff's well-pleaded allegations, Richard and Patricia are residents of Du Page County. Therefore, venue is proper in Du Page County, and Cook County is not a "required" forum. Nor does plaintiff convince us that Cook County is a "better" forum in terms of judicial economy, because its only connection to two of the parties (plaintiff and Richard) was the change-of-custody dispute. Certainly, plaintiff could not pursue in that custody litigation her cause of action against Walgreen for violation of the Act. The only conceivable advantage to plaintiff in taking a voluntary dismissal and refiling in Cook County is to avoid an adverse decision on the merits in Du Page County. Accordingly, we cannot say the trial court abused its discretion when it denied plaintiff's motion for voluntary dismissal.

We next turn to plaintiff's contention that the trial court erred in finding that she failed to state a claim under the Act. Plaintiff argues that the Act endows her with a privilege not to have her mental health records disclosed and that Walgreen violated the privilege by disclosing the records of her prescriptions for Zoloft and clonazepam, which are drugs used in the treatment of mental disorders, although those drugs also have other uses.

It is useful to recap the sequence of events alleged by plaintiff. Plaintiff and Richard were locked in a custody battle at the time Richard obtained plaintiff's "Confidential Patient Information Prescription Profile" from Walgreen's Web site (how Richard accessed this information is not disclosed in the record). This prescription profile is a two-page document containing the prescription numbers, the medications prescribed, the initials of the pharmacists who filled the prescriptions, the names of the physicians who prescribed the medications, the insurance plan, the dates of service, and the quantities and prices of the medications. The parties agree that Walgreen generated the prescription profile from the original prescription forms supplied to plaintiff by her psychiatrist. Richard then intended to use the Walgreen information to influence the outcome of the custody litigation and sent the prescription profile to the attorney who was acting as the children's representative in the litigation.

For purposes of the combined motion to dismiss, Walgreen did not dispute that it disclosed the information. In its brief, Walgreen argues that plaintiff's claim arises out of Richard's "unlawful acquisition" of plaintiff's prescription profile; however, plaintiff pleaded that "Walgreens [sic] disclosed to [Richard] [p]laintiff's confidential mental health prescription records." When reviewing a trial court's disposition of a motion to dismiss under either section 2--615 of the Code (735 ILCS 5/2--615 (West 2006)) or section 2--619 of the Code (735 ILCS 2–619 (West 2006)), the reviewing court accepts all well-pleaded facts as true and makes all reasonable inferences therefrom. Zahl v.

Krupa, 365 Ill. App. 3d 653, 658 (2006). Accordingly, we take as true the allegation that Walgreen made the disclosure. A dismissal under either section 2--615 or section 2--619 is reviewed de novo. Zahl, 365 Ill. App. 3d at 658.

At this juncture we must digress to discuss plaintiff's counsel's citation of, and almost exclusive reliance upon, In re Marriage of Peters-Farrell, 345 Ill. App. 3d 603 (2003), a First District opinion that was vacated by our supreme court in In re Marriage of Peters-Farrell, 216 Ill. 2d 287 (2005), prior to counsel's reliance upon it. Counsel argues that the appellate court in Peters-Farrell held that a pharmacy's records of prescriptions issued to mental health recipients are protected under the Act and that Peters-Farrell is dispositive of the issue in our case. Counsel cited the case multiple times in the opening and reply briefs, and at oral argument, clearly with knowledge of its vacatur. An appellate court opinion vacated by our supreme court carries no precedential weight. Mohanty v. St. John Heart Clinic, 225 Ill. 2d 52, 66 (2006); Provena Health v. Illinois Health Facilities Planning Board, 382 Ill. App. 3d 34, 42 (2008) (appellate court decision vacated as moot by our supreme court has no precedential value). Although counsel argued that a vacated opinion with no precedential value is "highly persuasive" authority, we choose simply to ignore the argument based on Peters-Farrell, as the issue presented is one not previously addressed by this court, and counsel's argument is marginally based on other authority.

Section 3(a) of the Act provides that "[a]ll records *** shall not be disclosed except as provided in this Act." 740 ILCS 110/3(a) (West 2006). The Act defines a "record," in part, as "any record kept by a therapist or by an agency in the course of providing mental health or developmental disabilities service[s] to a recipient concerning the recipient and the services provided." 740 ILCS 110/2 (West 2006). "Mental health or developmental disabilities services," or "services," include but are not limited to examination, diagnosis, evaluation, treatment, training, pharmaceuticals, aftercare,

habilitation, and rehabilitation. 740 ILCS 110/2 (West 2006). Walgreen, the Department, and NACDS posit that a pharmacist is not "a therapist" or "an agency" under the Act and thus is not subject to liability under the Act; the pharmacist instead is subject to the confidentiality provision of the Pharmacy Practice Act of 1987 (Pharmacy Act) (225 ILCS 85/1 et seq. (West 2006)). Plaintiff counters that the Act prohibits any disclosure of a "record," not just a disclosure by "a therapist" or "an agency." Plaintiff asserts that her prescription profile is a "record" because the information it contains is "kept by a therapist [i.e., her psychiatrist] in the course of providing mental health or developmental disabilities service[s] [i.e., pharmaceuticals]." 740 ILCS 110/2 (West 2006). Thus, plaintiff concludes, regardless whether Walgreen itself is "a therapist" or "an agency," the Act prohibited its disclosure of the prescription profile.

"The primary rule of statutory construction is to give effect to the intent of the legislature." Ultsch v. Illinois Municipal Retirement Fund, 226 Ill. 2d 169, 181 (2007). The best evidence of the legislature's intent is the statutory language, which must be given its plain and ordinary meaning. Ultsch, 226 Ill. 2d at 181. The proper construction of a statute is a question of law, which we review de novo. Murray v. Chicago Youth Center, 224 Ill. 2d 213, 228 (2007).

We agree with Walgreen and the amici that plaintiff's interpretation of the Act--subjecting anyone to liability thereunder--is overly broad. Because the Act's goal is to ensure the confidentiality of therapeutic relationships, it includes only "those persons entering into a therapeutic relationship with clients." Martino v. Family Service Agency of Adams County, 112 Ill. App. 3d 593, 599-600 (1982).

Martino was followed by the Third District in Suarez v. Pierard, 278 Ill. App. 3d 767 (1996).

Walgreen and the amici urge that Suarez, which discussed the relationship between the Act and the Pharmacy Act, should control the outcome in our case. In Suarez, an individual pharmacist and K mart Corporation were sued for violating the Act when the pharmacist discussed in the presence of several people the plaintiff's confidential information concerning mental health treatment. Suarez, 278 Ill. App. 3d at 768-69. The plaintiff went to the pharmacy at a K mart store to have a prescription filled for certain drugs used in the treatment of mental health disorders. Suarez, 278 Ill. App. 3d at 768-69. Pierard, the pharmacist on duty, questioned the plaintiff about her treatment and condition, and the plaintiff disclosed confidential information to him. Suarez, 278 Ill. App. 3d at 769. The plaintiff later had a chance meeting with Pierard at a public tavern, where Pierard allegedly discussed her confidential information with several other people. Suarez, 278 Ill. App. 3d at 769. The plaintiff maintained that a pharmacist is included within the Act's definition of a therapist. Suarez, 278 Ill. App. 3d at 770. Although the precise issue presented in Suarez is not presented in our case, in concluding that pharmacists are not therapists under the Act, Suarez engages in a useful analysis distinguishing a pharmacist's relationship with a recipient of mental health services from a therapist's relationship with a recipient.

Suarez began by stating, in accord with Martino, that the Act was intended to apply to persons entering into therapeutic relationships. Suarez, 278 Ill. App. 3d at 770. Suarez concluded that a routine transaction with a pharmacist does not constitute a therapeutic relationship because questions asked by a pharmacist, and the advice a pharmacist gives about the use of drugs, are not therapy and do not establish a therapeutic relationship. Suarez, 278 Ill. App. 3d at 770-71. Suarez added that whether to prescribe a certain drug depends upon the patient's needs and that, although deciding which drug to prescribe is a means of providing mental health services under the Act, the

pharmacist's act of delivering the drug to the customer is not a provision of mental health services. Suarez, 278 Ill. App. 3d at 771.

Accordingly, the Act subjects to liability only a therapist or an agency that engages in a therapeutic relationship with a recipient of mental health or developmental disabilities services. Further, a pharmacist performing a routine transaction does not engage in such a relationship with a customer. To be sure, the Suarez court cautioned that it was leaving open "whether a pharmacist could ever be considered a therapist within the meaning of the *** Act." (Emphasis in original.) Suarez, 278 Ill. App. 3d at 772. Plaintiff seizes on this language as a basis for reversal here, but plaintiff does not assert that she and Walgreen in fact engaged in a therapeutic relationship. Instead, plaintiff asserts that Walgreen is subject to liability although they did not engage in such a relationship. Because Walgreen acted purely as a pharmacist, it was not engaged in a therapeutic relationship with plaintiff. Thus, it is not subject to liability under the Act, and the trial court properly dismissed the complaint for failure to state a cause of action.

Because we hold that plaintiff cannot state a cause of action against Walgreen under the Act, we do not reach the issues raised concerning the applicable statute of limitations.

CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

HUTCHINSON and BURKE, JJ., concur.