2022 IL App (1st) 211283

FIFTH DIVISION
October 7, 2022

No. 1-21-1283

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| JOHN DOE, | ) | Appeal from the Circuit Court of, |
| | ) | Cook County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BURKE WISE MORRISSEY & KAVENY, LLC, | ) | |
| an Illinois Professional Liability Company; and | ) | |
| DAVID J. RASHID and ELIZABETH A. | ) | |
| KAVENY, Individually, and as Agents, Servants, | ) | |
| and Employees of Burke Wise Morrissey | ) | No. 17 L 004610 |
| & Kaveny, LLC, an Illinois Professional Limited | ) | |
| Liability Company, Jointly and Severally, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| (Burke Wise Morrissey & Kaveny, LLC, an Illinois | ) | |
| Professional Limited Liability Company, and | ) | Hon. Margaret A. Brennan, |
| Elizabeth A. Kaveny, Defendants-Appellees). | ) | Judge Presiding. |

PRESIDING JUSTICE CONNORS delivered the judgment of the court, with opinion.
Justices Cunningham and Delort concurred in the judgment and opinion.

**OPINION**

¶ 1    Plaintiff, known for the purposes of this appeal as John Doe,[1] appeals from an order of the

circuit court that, pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-

---

[1]This court previously granted plaintiff's request to use a fictitious name.

615 (West 2014)), dismissed his claim that defendants, Burke Wise Morrissey & Kaveny, LLC, and Elizabeth A. Kaveny, violated the Mental Health and Developmental Disabilities Confidentiality Act (Act) (740 ILCS 110/1 *et seq.* (West 2014)). On appeal, Doe contends that the Act authorizes his cause of action. We reverse and remand.

¶ 2                                        I. BACKGROUND

¶ 3     Defendants represented Doe in a medical malpractice action against a hospital and other medical staff. The subject incident was a suicide attempt that Doe made after he was admitted to the emergency room. In that litigation, the hospital sought a qualified protective order under the Health Insurance Portability and Accountability Act of 1996 (HIPAA) (42 U.S.C. § 1320d (2012)) to gain access to Doe's protected health information. The hospital also requested a subpoena under the Act. At the end of the ensuing jury trial, Doe was awarded over $4 million. Subsequently, in May 2015, defendants issued a press release related to the medical malpractice trial. The press release described Doe's diagnoses, the suicide attempt at the hospital that led to his injuries, and the effects of his injuries. Kaveny also commented on the case and Doe's history for an article in the Chicago Daily Law Bulletin (Law Bulletin). The press release and article included Doe's real name. Both items were attached to the complaint and reviewed on appeal.

¶ 4     On May 5, 2017, Doe filed a multi-count complaint against defendants, with count I asserting that defendants violated the Act by wrongly disclosing confidential information about Doe's mental health and diagnoses. According to the complaint, Kaveny did not have Doe's informed consent to disclose the confidential information that was contained in the Law Bulletin article, which later appeared in other publications as well. Doe asserted that, as a proximate result of the wrongful disclosure, defendants were liable for the damages he sustained. The other counts of the complaint are not at issue in this appeal.

¶ 5    Defendants moved to dismiss count I of Doe's complaint under section 2-615 of the Code (735 ILCS 5/2-615 (West 2014)). Defendants asserted, in part, that the Act did not apply to them because they did not have a therapeutic relationship with Doe. Further, the information disclosed in the press release was public because Doe testified about the information at the medical malpractice trial. Doe also waived the confidentiality of his records by putting his medical condition at issue in the medical malpractice litigation.

¶ 6    In response, Doe stated that the Act prohibited the release of any information that would identify someone as a recipient of mental health services, which was the information disclosed in the press release. Doe asserted that defendants' redisclosure of his protected mental health information violated sections 5(d) and 10(a)(8) of the Act (740 ILCS 110/5(d), 10(a)(8) (West 2014)).

¶ 7    After a hearing on April 5, 2018, the court dismissed count I with prejudice. The court stated that a therapeutic relationship was required for the Act to apply. The court also stated that "this was following a public trial and trials are public."

¶ 8    On May 15, 2018, Doe filed an amended complaint that included new allegations for his claim under the Act. The court struck the claim without leave to replead.

¶ 9    On April 13, 2020, Doe filed a motion to reconsider the orders that dismissed count I and struck the amended claim. Doe asserted, in part, that defendants violated the HIPAA order that was entered in the medical malpractice case, which in turn violated the Act. Doe also noted that the Act was amended in 2015 to clarify that a therapeutic relationship is not an element of a cause of action. After a hearing on August 13, 2020, the court denied the motion to reconsider and stated that the claim under the Act was still dismissed with prejudice.

¶ 10    On August 31, 2021, Doe filed a motion to voluntarily dismiss a remaining count in his complaint. All of the other counts had previously been dismissed with prejudice. On September 9, 2021, the court dismissed the remaining count without prejudice, and Doe appealed.

¶ 11                                II. ANALYSIS

¶ 12    On appeal, Doe contends that the plain language of the Act authorizes his cause of action. Doe states that the information that defendants disclosed was protected by the Act because it was not only received from Doe himself but was obtained from his medical records and the depositions of his treating physicians. Doe argues that defendants were allowed to use his mental health records in the medical malpractice litigation because his mental health was at issue, but the Act prohibited the defendants from redisclosing what they knew except in connection with that litigation. Doe further asserts that defendants violated the Act by disclosing information protected by HIPAA. Doe also states that the amended version of the Act makes clear that a therapeutic relationship is not needed to establish liability.

¶ 13    Doe's claim was dismissed with prejudice under section 2-615 of the Code. The question on review from that dismissal "is whether the allegations of the complaint, when construed in the light most favorable to the plaintiff and taking all well-pleaded facts and all reasonable inferences that may be drawn from those facts as true, are sufficient to establish a cause of action upon which relief may be granted." *Napleton v. Village of Hinsdale*, 229 Ill. 2d 296, 305 (2008). "At this pleading stage, a plaintiff is not required to prove his case and need only allege sufficient facts to state all elements of the cause of action." *Nelson v. Quarles & Brady, LLP*, 2013 IL App (1st) 123122, ¶ 27. The only matters to be considered are the pleading's allegations themselves (*Urbaitis v. Commonwealth Edison*, 143 Ill. 2d 458, 475 (1991)), but exhibits attached to the complaint are part of the pleading for a motion to dismiss (*Thompson v. N.J.*, 2016 IL App (1st)

142918, ¶ 28). A claim should not be dismissed under section 2-615 unless no set of facts can be proved that would entitle the plaintiff to recover. *Napleton*, 229 Ill. 2d at 305.

¶ 14     One of the main purposes of the Act is to protect the confidentiality of records and communications of people who receive mental health services. *House v. SwedishAmerican Hospital*, 206 Ill. App. 3d 437, 442 (1990). The Act generally prohibits the disclosure of such information (*Laurent v. Brelji*, 74 Ill. App. 3d 214, 216 (1979)), stating that "[a]ll records and communications shall be confidential and shall not be disclosed except as provided in this Act." 740 ILCS 110/3(a) (West 2014). A record is "any record kept by a therapist or by an agency in the course of providing mental health or developmental disabilities service to a recipient concerning the recipient and the services provided." *Id.* § 2. A therapist is "a psychiatrist, physician, psychologist, social worker, or nurse providing mental health or developmental disabilities services." *Id.* And a confidential communication or communication is "any communication made by a recipient or other person to a therapist or to or in the presence of other persons during or in connection with providing mental health or developmental disability services to a recipient." *Id.* The definition of "communication" includes information indicating that a person is receiving or has received mental health or developmental disabilities services. *Id.* "Any person aggrieved" by a violation of the Act "may sue for damages, an injunction, or other appropriate relief." *Id.* § 15. Through the Act, "[t]he General Assembly has made a strong statement about the importance of keeping mental health records confidential." *Mandziara v. Canulli*, 299 Ill. App. 3d 593, 599 (1998).

¶ 15     Doe's complaint sufficiently alleged a cause of action under the Act. Taking all reasonable inferences that can be drawn from the alleged facts as true, the information that defendants disclosed in the press release and Law Bulletin were records and communications under the Act.

As Doe's attorneys in the medical malpractice case, defendants would have received information about Doe's condition and mental health history. Defendants' statements in the press release and Law Bulletin, at a minimum, revealed that Doe received mental health services at a particular hospital. The statements also noted Doe's diagnosis when he arrived at the hospital, summarized what occurred during his hospital stay, and described his condition when he left the hospital. That defendants themselves were not providing Doe with mental health services does not relieve them of potential liability. Illinois has permitted a claim under the Act even where the defendant was not a provider of mental health services. See *Johnson v. Lincoln Christian College*, 150 Ill. App. 3d 733, 743-44 (1986) (a student sufficiently alleged a cause of action under the Act against his college, which allegedly redisclosed information learned from the student's therapist to faculty members, students, and members of the student's family).

¶ 16    Further, to the extent that Doe consented to disclosing his mental health information to defendants for the medical malpractice litigation, defendants' subsequent press release and statements in the Law Bulletin fall under section 5(d) of the Act, which states that "[n]o person or agency to whom any information is disclosed under this Section may redisclose such information unless the person who consented to the disclosure specifically consents to such redisclosure." 740 ILCS 110/5(d) (West 2014). The medical malpractice trial invoked an exception to the Act's prohibition on disclosure found in section 10(a)(1), which provides that records and communications may be disclosed "in a civil, criminal or administrative proceeding" where the recipient introduces his mental condition or any aspect of the services he received for that condition as an element of his claim or defense. *Id.* § 10(a)(1). Section 10(a)(1) authorized disclosing Doe's records and communications for the medical practice litigation, but defendants' alleged subsequent

broadcast of Doe's mental health history appears to be beyond the bounds of that proceeding. Doe sufficiently alleged that defendants violated the Act.

¶ 17    Defendants try to avoid the Act's sweep by asserting that Doe waived confidentiality by testifying in detail at the medical malpractice trial. In support, defendants rely on *Novak v. Rathnam*, 106 Ill. 2d 478, 484 (1985), where a psychiatrist's testimony on behalf of a defendant's insanity defense at a criminal trial waived the confidentiality of that information for a subsequent proceeding. In *Novak*, however, there were no limits placed on the psychiatrist's testimony in the underlying criminal trial. Here, Doe's complaint states that the information shared at the medical malpractice trial was subject to a qualified protective order under HIPAA. Generally, such orders restrict how health information is used, prohibiting " 'the parties from using or disclosing [the information] for any purpose other than the litigation or proceeding for which such information was requested,' " and requiring " 'the return to the covered entity or destruction of [the information] *** at the end of the litigation or proceeding.' " *Haage v. Zavala*, 2020 IL App (2d) 190499, ¶ 9 (quoting 45 C.F.R. § 164.512(e)(1)(v)(A), (B) (2018)). We make no comment about whether defendants violated HIPAA and whether such a violation would also violate the Act. For the purpose of this appeal, the complaint sufficiently alleged that the information shared at the medical malpractice trial had restrictions on its use, such that Doe did not waive the Act's protections by testifying.

¶ 18    Defendants rely on *Quigg v. Walgreen Co.*, 388 Ill. App. 3d 696 (2009), to defeat Doe's claim. However, the disclosure alleged here is far different from the disclosure that occurred in that case. In *Quigg*, a pharmacy that disclosed a woman's prescription profile to her ex-husband could not be held liable under the Act because the pharmacy was not in a therapeutic relationship with the woman. *Id.* at 703. The court stated that only a therapist or agency in a therapeutic

relationship with the recipient of mental health services could be held liable under the Act. *Id;* see also *Suarez v. Pierard*, 278 Ill. App. 3d 767, 770 (1996) (pharmacist who disclosed the plaintiff's confidential information could not be sued under the Act where the interaction between the pharmacist and the plaintiff was a "routine transaction" and did not constitute therapy under the Act). As opposed to a pharmacy-customer interaction, Doe's records and communications were created in the course of addressing Doe's mental health in the presence of physicians and nurses, who were "therapists" under the Act. See 740 ILCS 110/2 (West 2014) ("therapist" includes a psychiatrist, physician, or nurse providing mental health or developmental disabilities services).

¶ 19     Moreover, *Quigg*'s finding that only therapists or agencies engaging in therapeutic relationships can be liable under the Act is unsupported by authority. For that proposition, *Quigg* cited a sentence from *Martino v. Family Service Agency of Adams County*, 112 Ill. App. 3d 593, 599-600 (1982), which noted that, according to a 1976 report, the Act was "intended to include all those persons entering into a therapeutic relationship with clients." From there, *Quigg* made the leap that the Act only included those persons entering into a therapeutic relationship with clients and only those persons could be liable. 388 Ill. App. 3d at 702-03. *Martino* did not state or hold that only therapists and those engaging in therapeutic relationships can be liable under the Act. *Quigg*'s limitation of liability does not stand on solid authority. Further, the plain language of the Act authorizes Doe's action against defendants here, where defendants disclosed Doe's records and communications and no exception has been shown to apply. See *People ex rel. Madigan v. Wildermuth*, 2017 IL 120763, ¶ 17 (the most reliable indicator of legislative intent is the statute's language itself, given its plain and ordinary meaning).

¶ 20     The parties disagree about the effect of a 2015 amendment to the Act, which added the provision that "records and communications made or created in the course of providing mental

health or developmental disabilities services shall be protected from disclosure regardless of whether the records and communications are made or created in the course of a therapeutic relationship." Pub. Act 99-28 (eff. Jan. 1, 2016) (amending 740 ILCS 110/3). Defendants' statements in the press release and Law Bulletin were made in May 2015, before the amendment's effective date. We do not need to resolve whether the amendment applies to defendants' statements because, as discussed above, the records and communications that defendants disclosed were made to therapists as defined by section 2 of the Act as it existed in 2015. See 740 ILCS 110/2 (West 2014). The information that defendants allegedly disclosed was protected by the prior version of the Act, and the amendment does not change our result.

¶ 21                                III. CONCLUSION

¶ 22     Doe sufficiently alleged a claim against defendants under the Act in count I of his complaint. The judgment of the circuit court is reversed, and the matter is remanded for further proceedings.

¶ 23     Reversed and remanded.

*Doe v. Burke Wise Morrissey & Kaveny, LLC*, 2022 IL App (1st) 211283

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 17-L-004610; the Hon. Margaret A. Brennan, Judge, presiding. |
| **Attorneys for Appellant:** | Thomas M. Paris, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Kimberly A. Jansen and Thomas P. McGarry, of Hinshaw & Culbertson LLP, of Chicago, for appellees. |